IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RECO DONEL MITCHNER, #26115-039                          PETITIONER

VERSUS                          CIVIL ACTION NO.  5:06cv191-DCB-MTP

CONSTANCE REESE                          RESPONDENT

<u>OPINION AND ORDER</u>

      On January 8, 2007, this Court denied the petitioner's motion to proceed <u>in forma pauperis</u> and ordered [3-1] him to pay the required filing fee within 30 days.  An order [5-1] was entered on February 9, 2007, granting the petitioner a 30-day extension of time to comply with the order of January 8, 2007.  The petitioner was warned in each of these orders [5-1; 3-1] that failure to comply with any order of this Court could result in the dismissal of this civil action.  When the petitioner failed to comply or attempt to comply with the orders [5-1; 3-1] of February 9, 2007, and January 8, 2007, an order [6-1] was entered on April 11, 2007, directing the petitioner to show cause in writing on or before April 25, 2007, why this case should not be dismissed for his failure to comply with the court's orders [5-1; 3-1] of February 9, 2007, and January 8, 2007.  The order to show cause [6-1] also directed the petitioner to pay the $5.00 filing fee.  The petitioner was warned in the order to show cause [6-1] that failure to comply would result in this civil action being dismissed without prejudice and without further notice to the petitioner.

      According to the court records, petitioner has failed to communicate further with the Court, either to inquire as to the status of his case or to attempt to comply with two court orders.  The petitioner's failure to comply with two orders of this Court or to otherwise communicate

with this Court indicates his lack of interest in pursuing this claim.

This Court has the authority to dismiss an action for the petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  Link, supra, 370 U.S. at 630.

Since the respondent has not been called upon to respond to the petition, and has never appeared in this action, and since the Court has never considered the merits of the petition , the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

THIS, the  5th  day of    July   , 2007.


                      s/ David Bramlette  
                     UNITED STATES DISTRICT JUDGE